Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8848 | **DATE** | 1/6/2003 |
| **CASE TITLE** | CARL E. THOMAS vs. GUARDSMARK, INC., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion to remand [10-1] is denied. Defendant Edward Healy is dismissed with prejudice. Defendant Guardsmark's motion to dismiss [3-1] is denied. Guardsmark shall answer the complaint by January 17, 2003. ENTER MEMORANDUM OPINION AND ORDER. Status hearing on January 14, 2003 stands.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JAN 07 2003 | |
| | Notified counsel by telephone. | | date docketed | 12 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | 1/6/2003 | |
| | | 03 JAN -6 PM 4:38 | date mailed notice | |
| CB | courtroom deputy's initials | Date/time received in central Clerk's Office | PW mailing deputy initials | |

| | | |
|---|---|---|
| CARL E. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 8848 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| GUARDSMARK, INC. and EDWARD D. HEALY, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Carl Thomas initially filed this action against Guardsmark, Inc. ("Guardsmark") and Edward Healy (collectively "defendants") in the Circuit Court of Cook County, Illinois, claiming common law retaliatory discharge. Defendants removed the action to this court based on diversity jurisdiction. Thomas moves to remand the action to state court for lack of subject matter jurisdiction. Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### **BACKGROUND**

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Thomas, a citizen of Illinois, was employed by Guardsmark to provide security at an oil refinery. Guardsmark is a Delaware corporation with its principal place of business in Tennessee. Healy, Guardsmark Vice President of Regional Management, is a citizen of Illinois. In November 2001, Thomas participated in an

1

investigative newscast about lax regulation of security officers following the attacks of September 11, 2001. During the telecast, Thomas stated that he believed an oil refinery is a likely target for terrorists, and that convicted felons should not be licensed as security officers in facilities that are potential targets of terrorist activity. He stated that one security officer with whom he worked openly bragged about his prior felony convictions to fellow workers. After the telecast was aired, Healy informed Thomas that his employment with Guardsmark was suspended due to his statements on the telecast. Guardsmark did not reinstated Thomas' employment.

## DISCUSSION

### I. Subject Matter Jurisdiction

Thomas claims this action was improperly removed. When the court's exercise of jurisdiction is challenged, the burden of establishing federal jurisdiction rests on the party seeking to preserve removal. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366-67 (7th Cir. 1993). Courts interpret the removal statute narrowly and presume that the plaintiff may choose his forum. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Any doubts regarding jurisdiction should be resolved in favor of remanding the action to state court. *Ibrahim v. Old Kent Bank*, 1999 WL 259944, at *2 (N.D. Ill. 1999), *citing Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

The parties do not dispute the absence of complete diversity. Thomas and Healy are citizens of Illinois. When complete diversity or an independent basis for federal jurisdiction is absent, federal subject matter jurisdiction does not exist. *See* 28 U.S.C. § 1332(a)(1). In response, defendants assert removal was proper because Healy, the non-diverse defendant, was fraudulently joined to defeat subject matter jurisdiction.

## A. Fraudulent Joinder Doctrine

Diversity jurisdiction cannot be destroyed by joinder of non-diverse parties if that joinder is fraudulent. *Hoosier Energy Rural Elec. Coop., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994). A defendant is fraudulently joined when there is no "reasonable possibility that a state court would rule against" him. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992), *cited in Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999). Based on Illinois law, the court must determine whether there is a reasonable possibility that Thomas could recover against Healy for retaliatory discharge.

The Illinois Supreme Court has refused to extend the tort of retaliatory discharge to include individual liability for supervisors who terminate employees. "[T]he tort of retaliatory discharge may be committed only by the employer. The agent or employee who carries out the employer's decision to fire will not be subject to personal liability for retaliatory discharge." *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12, 22, 694 N.E.2d 565, 570 (1998). Therefore, the only proper defendant to the retaliatory discharge claim is Guardsmark. *Id.* Thomas argues that the Illinois Supreme Court could distinguish *Buckner* on its facts and find Healy liable for Thomas' discharge. However, the fact that state law could change does not create a reasonable possibility that a state court would rule against Healy in this case. *Schwartz*, 174 F.3d at 879. Consequently, Healy was fraudulently joined, and complete diversity is not defeated. The action was properly removed to this court and Healy must be dismissed.

3

## II. Motion to Dismiss

### A. Legal Standard

A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion under Rule 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson*, 355 U.S. at 45-46.

### B. Retaliatory Discharge

Illinois is an at-will employment state; an at-will employee may be fired at any time. *Paz v. Commonwealth Edison*, 314 Ill.App.3d 591, 732 N.E.2d 696, 700 (2d Dist. 2000). The tort of retaliatory discharge is a limited and narrow exception to this rule. *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12, 18-20, 694 N.E.2d 565 (1998). To state a claim for retaliatory discharge, Thomas must allege (i) he was discharged, (ii) the discharge was in retaliation for his activities, and (iii) the discharge violates a clear mandate of public policy. *Stebbings v. The University of Chicago*, 312 Ill.App.3d 360, 726 N.E.2d 1136, 1140 (1st Dist. 2000). Guardsmark argues that Thomas does not identify a clearly mandated public policy that his discharge allegedly violated.

### 1. Public Policy

There is no precise definition of the term "clearly mandated public policy." *Palmateer v. International Harvester Company*, 85 Ill.2d 124, 421 N.E.2d 876, 878 (1981). In general, "public

4

policy concerns what is right and just and what affects the citizens of the State collectively. It is to be found in the State's Constitution and statutes and, when they are silent, in its judicial decisions." *Id.* Thomas alleges he was discharged for publicly disclosing that Guardsmark was violating the Private Detective, Private Alarm, Private Security, and Locksmith Act of 1993, 225 ILCS 446/1 *et seq.* (the "Act"). The Act prohibits persons convicted of a felony within ten years from obtaining a private security contractor's license. 225 ILCS 446/75.

Guardsmark responds that the Act evidences a public policy against Thomas' disclosure of information to the media. The Act provides:

> Any person who . . . is an employee of a licensee under this Act shall not divulge to any person, other than his or her employer, except as required by law or at the employer's direction, any confidential information acquired by him . . . during his . . . employment of any nature whatsoever.

225 ILCS 446/195. Guardsmark interprets this section to prohibit any disclosure of wrongdoing. This interpretation is too broad. Thomas reported that Guardsmark employed a self-proclaimed convicted felon as a security guard. The Act declares this violation "inimical to the public welfare and . . . constitute[s] a public nuisance." 225 ILCS 446/20. Reports of activity that impinge on public welfare or safety are easily and readily accepted as furthering public policy, whether or not the activity is criminal. *Anderson v. Village of Oswego*, 109 F.Supp.2d 930, 933 (N.D. Ill. 2000), *citing Stebbings v. University of Chicago*, 312 Ill.App.3d 360, 372-73, 726 N.E.2d 1136, 1145 (2000); *Howard v. Zack Company*, 264 Ill.App.3d 1012, 637 N.E.2d 1183 (1st Dist. 1994). Thus, Thomas states a claim and alleges a clearly mandated public policy that was violated by his discharge.

5

### 2. Thomas' Employment Agreement

Guardsmark attaches Thomas' employment contract and argues that the complaint is time-barred. The proffered employment contract is not central to Thomas' complaint or referenced in it. Matters outside the pleadings may not be considered in ruling on a motion to dismiss under 12(b)(6). Fed. R. Civ. P. 12(b); *Travel All Over the World v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1430 (7th Cir. 1996). Guardsmark's arguments based on the contract are outside the scope of this motion and are not considered.

### CONCLUSION

Guardsmark meets its burden of establishing that removal was proper. Edward Healy was fraudulently joined as a defendant and is dismissed. The complaint states a claim of retaliatory discharge, identifying an alleged violation of a clearly mandated public policy. The court will not consider defendants' proffered employment contract because it is a matter outside the pleadings and inappropriate for consideration on a motion to dismiss.

January 6, 2003

ENTER:

Suzanne B. Conlon
United States District Judge