Minute Order Form (06/97)

95-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8848 | **DATE** | 2/4/2003 |
| **CASE TITLE** | CARL E. THOMAS vs. GUARDSMARK, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Guardsmark, Inc.'s motion for judgment on the pleadings [16-1] is granted. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | FEB 05 2003 | 19 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | 2/4/2003 | |
| | Copy to judge/magistrate judge. | date mailed notice | |
| CB | courtroom deputy's initials | PW mailing deputy initials | |
| | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARL E. THOMAS, | ) |
| Plaintiff, | ) No. 02 C 8848 |
| v. | ) Suzanne B. Conlon, Judge |
| GUARDSMARK, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Carl Thomas ("Thomas") initially filed this action against Guardsmark, Inc. ("Guardsmark") and Edward Healy ("Healy")(collectively "defendants") in the Circuit Court of Cook County, Illinois, claiming common law retaliatory discharge. Defendants removed the action to this court based on diversity jurisdiction. This court previously denied Thomas' motion to remand, dismissed Healy from this action as fraudulently joined and denied Guardsmark's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Thomas v. Guardsmark, Inc.*, 2003 WL 57028 (N.D. Ill. Jan. 7, 2003). Guardsmark now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), claiming Thomas' claim is time-barred under the terms of his employment agreement. Guardsmark attached a copy of the employment agreement as an exhibit to its answer.

### BACKGROUND

A Rule 12(c) motion is governed by the same standard as a motion to dismiss under Rule 12(b). *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, (7th Cir. 1998). The court accepts all well-pleaded allegations in the complaint as true and draws all

1

reasonable inferences in favor of Thomas. *GATX Leasing Corp. v. National Union Fire Ins. Co*, 64 F.3d 112, 114 (7th Cir. 1995).

In addition, the court may consider written instruments, including contracts, attached to the pleadings in deciding a Rule 12(c) motion. *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688-89 (7th Cir. 1993). The employment agreement attached to Guardsmark's answer provides:

> Except for charges or claims filed with the Equal Employment Opportunity Commission or under any of the statutes enforced by said agency, any legal action or proceeding relating to or arising out of this Agreement or the employment of Employee by GUARDSMARK must be brought by Employee within six months of the date the cause of action arose or it shall be time-barred.

Answer at Ex. A. The employment agreement further provides that "[t]he [a]greement shall not become binding upon Guardsmark until reviewed and approved by the Compliance Control Officer in Guardsmark's Executive Offices in Memphis, Tennessee." *Id.* Under the employment agreement, Tennessee law governs the interpretation, validity and effect of the agreement. *Id.*

## DISCUSSION

### I. Choice of Law

In a diversity case, the court must apply the forum state's choice of law rules to determine the applicable substantive law. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Illinois applies a contract's choice of law provision as long as the contract is valid, the chosen law is not contrary to Illinois' fundamental public policy and there is a reasonable relationship between the chosen law and the parties or transaction. *Fulcrum Financial Partners v. Meridian Leasing Corp.*, 230 F.3d 1004, 1011 (7th Cir. 2000); *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 20 F.3d 713, 719 (7th Cir. 1994), *rev'd on other grounds*, 514 U.S. 52 (1995). Thomas takes issues with all three requirements for enforcement of the contractual choice of law provision.

A.   **Validity of the Agreement**

Thomas first argues the employment agreement is an adhesion contract that he did not voluntarily or knowingly accept. To determine the validity of the agreement, Illinois courts apply the substantive law of the state where all relevant events in the dispute took place. *Midwest Grain Products of Illinois, Inc. v. Productization, Inc.*, 228 F.3d 784, 787 (7th Cir. 2000); *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997). According to Thomas, Guardsmark employed him in Illinois. Complaint at ¶ 5. Therefore, Illinois law applies to determine the validity of the employment agreement.

Under Illinois law, the employment agreement is enforceable. In fact,

> Illinois law does not void contracts where the parties have unequal bargaining power, even if a contract is a so-called 'take-it-or-leave-it' deal and consent to agreement is secured because of hard bargaining positions or the pressure of financial circumstances. Rather, the conduct of the party obtaining the advantage must be shown to be tainted with some degree of fraud or wrongdoing in order to have an agreement invalidated . . . [T]he mere fact that a person enters into a contract as a result of the pressure of business circumstances . . . is not sufficient.

*Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 363 (7th Cir. 1999), *quoting Kewanee Prod. Credit Ass'n v. G. Larson & Sons Farms*, 146 Ill. App. 3d 301, 305, 496 N.E.2d 531, 534 (3d Dist. 1986). Thomas does not allege any wrongdoing or fraud by Guardsmark. Instead, he claims that he was told to sign the contract without any explanation of the provisions, was not given a copy of the agreement after he signed it and the shortened limitations period provision is hidden in the middle of a lengthy paragraph at the end of a four-page document in small print. Response at 3-4.

Contrary to Thomas' position, "[a] contract need not be read to be effective; people who accept take the risk that the unread terms may in retrospect prove unwelcome." *Hill v. Gateway 2000, Inc.*, 105 F.3d 1147, 1148 (7th Cir. 1997). In *Paper Express, Ltd. v. Pfankuch Maschinen*, 972 F.2d 753 (7th Cir. 1992), the only reference to a contested forum selection provision was in an

3

unrelated warranty clause written in extremely fine print and in German. *Id.* at 754. The Seventh Circuit found the clause enforceable: "a blind or illiterate party (or simply one unfamiliar with the contract language) who signs the contract without learning of its contents [is] bound. Mere ignorance will not relieve a party of [his] obligations and [he] will be bound by the terms of the agreement." *Id.* Thomas' failure to read the contract's terms before signing the agreement does not preclude its enforcement.

Thomas next argues the agreement is invalid because Guardsmark fails to establish proper approval by its Compliance Control Officer. "[W]hether the signing of the instrument is a condition precedent to its becoming a binding contract usually depends upon the intention of the parties." *Consolidated Bearings Co. v. Ehret-Krohn Corp.*, 913 F.2d 1224, 1231 (7th Cir. 1990), *quoting Lynge v. Kunstmann*, 94 Ill. App. 3d 689, 694, 418 N.E.2d 1140, 1144 (Dist. 1981). Although the agreement requires proper approval before binding Guardsmark to the agreement, the agreement is silent as to its effect on Thomas. An agreement signed by a party can be enforced against that party even if the other party did not sign the agreement. *Id.* Indeed, a party can waive contractual provisions intended for their benefit. *Dearborn Industrial Mfg. Co., Ltd. v. Soudronic Finanzag*, No. 95 C 4414, 1996 WL 467245, at *3 (N.D. Ill. Aug. 13, 1996), *citing Batterman v. Consumers Illinois Water Co.*, 261 Ill. App. 3d 319, 321, 634 N.E.2d 1235, 1236 (3d Dist. 1994). Therefore, proper approval by Guardsmark was not necessary to bind Thomas to the terms of the agreement.

**B.  Public Policy**

Under Illinois law, the contract's choice of law clause applies as long as the provision "'is not dangerous, inconvenient, immoral nor contrary to the public policy' of Illinois." *Vencor, Inc. v. Webb*, 33 F.3d 840, 844 (7th Cir. 1994), *citing Sarnoff v. American Home Products Corp.*, 798 F.2d 1075, 1080 (7th Cir. 1986). Thomas does not offer any authority to support his position that

4

application of Tennessee law impinges on Illinois public policy. Indeed, Thomas cannot demonstrate that the result would differ based on the choice of law. *See Vencor*, 33 F.3d at 845 ("this choice of law provision only matters (from [Thomas'] perspective) if a [Tennessee] court would enforce the [shortened limitations period] and an Illinois court would not"). Courts applying Illinois law have consistently enforced similar limitations periods. *See, e.g., Taylor v. Western & Southern Life Ins. Co.*, 966 F.2d 1188, 1202-03 (7th Cir. 1992)(contractual six-month limitations period in employment agreement valid under Illinois law). *See also Medrano v. Production Engineering Co.*, 332 Ill. App. 3d 562, 774 N.E.2d 371 (1st Dist. 2002)("it is well-established that parties to a contract may agree upon a shortened contractual limitations period to replace a statute of limitations, as long as it is reasonable"). Therefore, the choice of law provision in the employment agreement does not violate Illinois public policy.

### C.  Reasonable Relationship

Finally, Thomas claims Tennessee law does not have a reasonable relationship to the parties or transaction. It is reasonable for a corporation to bargain for the law of the state where its headquarters is located. *Mastrobuono*, 20 F.3d at 719, *citing Sarnoff*, 798 F.2d at 1082. Guardsmark's principal place of business is in Tennessee. Notice of Removal at ¶ 6. Therefore, Tennessee law has a reasonable relationship to the parties.

### II.  Limitations Period

It is well-settled that parties may contract to limit the time for bringing suit, if a reasonable period of time is provided. *State v. Evans*, 47 Tenn. App. 1, 13-14, 334 S.W.2d 337, 342 (1959); *Taylor*, 966 F.2d at 1202-03. Thomas does not dispute that six months is a reasonable period of time for bringing suit. Therefore, the limitations provision in the employment agreement is valid.

5

Nevertheless, Thomas argues the pleadings do not establish the date on which Thomas' claim for common law retaliatory discharge accrued. In his complaint, Thomas alleges he was suspended from employment on November 16, 2001 without pay and has not been reinstated since that date. Complaint at ¶¶ 12-13. Guardsmark admitted these allegations in its answer, but failed to provide the exact date of Thomas' termination. Answer at ¶¶ 12-13.

In any event, tort claims, like retaliatory discharge, accrue when the plaintiff "became possessed of sufficient information concerning [his] injury to put a reasonable person on inquiry to determine whether actionable conduct was involved." *Vector-Springfield Properties, Ltd. v. Central Illinois Light Co.*, 108 F.3d 806, 809 (7th Cir. 1997). Thomas alleges he knew on November 16, 2001 that he was suspended due to a statement he made during an investigative telecast. Complaint at ¶ 12. Thomas further alleges he has not received compensation or been allowed to perform services for Guardsmark since that date. *Id.* at ¶ 13. Thomas should have realized shortly after November 16, 2001 that Guardsmark effectively terminated his employment. Certainly, Thomas should have known before May 31, 2002 that Guardsmark terminated his employment. As a result, Thomas' complaint filed on October 31, 2002 is untimely.

## CONCLUSION

Thomas' complaint is barred by the limitations period in his employment agreement.

February 4, 2003               ENTER:

                               *Suzanne B. Conlon*
                               Suzanne B. Conlon
                               United States District Judge

6