IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | | |
|---|---|---|
| CARL E. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 8848 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| GUARDSMARK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Carl Thomas ("Thomas"), a security guard, claims Guardsmark, Inc. ("Guardsmark") terminated his employment because of statements he made during a November 2001 television interview. Specifically, during the interview Thomas disclosed that a convicted felon worked at an oil refinery as a security guard. Thomas contends he participated in the interview to protect the public from terrorist attacks in the wake of September 11, 2001, and that his termination constitutes retaliatory discharge in violation of Illinois public policy. Guardsmark contends Thomas' retaliatory discharge claim is time-barred by his employment agreement, which required him to bring any wrongful discharge claim within six months of termination. In addition, Guardsmark contends it terminated Thomas for violating company policy. On April 13, 2005, the court denied Guardsmark's summary judgment motion. The parties move *in limine* to bar evidence at trial.

### DISCUSSION

I. **Standard of Review**

Evidence is excluded on a motion *in limine* only if it is clearly inadmissible for any purpose. *See Hawthorne Partners v. AT&T Technologies*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Motions

1

*in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy and prejudice to be resolved in context. *Id.* at 1401. Denial of a motion *in limine* does not indicate evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot or should not determine whether the evidence in question should be excluded before trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

## II. Thomas' Motions *In Limine*

### A. Arrest Record and Prior Bad Acts

Thomas moves to exclude evidence of his 1981 arrest for attempted rape, deviate sexual assault and unlawful restraint. The charges did not result in a conviction. Further, Thomas seeks to exclude evidence pertaining to workplace conduct that Guardsmark did not consider in deciding to suspend and terminate him. Thomas asserts the evidence is inadmissible under Fed. R. Evid. 401 and 404(b).

Guardsmark has not responded to the motion with respect to workplace conduct not considered in the decision to suspend and terminate. However, Guardsmark contends the arrest is relevant because Thomas claims he participated in the news interview to protect the public, but he did not disclose to Guardsmark or the public that he too had been arrested for a serious crime. Guardsmark contends the evidence is admissible under Rule 404(b) for purposes of establishing Thomas' true motive for participating in the interview: "to retaliate against Guardsmark because he lost his first lawsuit and the individual he 'outed' as having a criminal record was assigned to the position [Thomas] wanted." Resp. at 2. Finally, Guardsmark contends the after-acquired evidence

2

rule permits consideration of the arrest for purposes of limiting damages. Guardsmark argues potential prejudice would be cured by informing the jury Thomas was never convicted of the charges.

The uncontested motion to exclude evidence of Thomas' workplace conduct not considered in the decision to suspend or terminate is granted. Further, Thomas' arrest over 20 years ago has no apparent probative value regarding his motive for participating in the interview. Any arguable probative value pertaining to motive is substantially outweighed by the likely prejudicial effect of this old arrest. Fed. R. Evid. 403. Moreover, Guardsmark does not adequately explain how the 20 year old arrest is probative on the issue of damages. For example, Guardsmark does not proffer evidence that it has a policy of automatically terminating employees with a prior arrest regardless of remoteness in time. The risk of prejudice caused by an arrest more than two decades ago substantially outweighs any arguable probative value. *Id.* Accordingly, evidence pertaining to the 1981 arrest is excluded. Guardsmark shall not refer to Thomas' arrest in its opening statement or elicit testimony about the arrest during examination or cross-examination of witnesses. If the arrest becomes relevant for cross-examination purposes, this issue may be reconsidered only outside the jury's presence.

### B.     Prior Litigation Against Guardsmark

Thomas moves to exclude factual and litigation details pertaining to his EEOC charge and 2001 Title VII suit against Guardsmark under Rules 401 and 403. Thomas acknowledges the pendency of the Title VII suit, the date of filing, date of the suit's termination, and the fact that the suit was resolved in Guardsmark's favor, are relevant. He contends the facts supporting or refuting the claims are irrelevant and serve only to prejudice the jury into believing he is litigious or angry

with Guardsmark. Thomas contends evidence about the underlying issues in other litigation has no bearing on whether Guardsmark terminated him for actions protected by public policy.

Guardsmark responds that Thomas' Title VII lawsuit alleged that he, rather than Bart Kubera, should have been assigned or trained for a certain position. Summary judgment was granted on Guardsmark's behalf in the prior litigation. *Thomas v. Guardsmark*, No. 01 C 4300, 2002 U.S. Dist. LEXIS 15906 (N.D. Ill. Aug. 26, 2002). Guardsmark contends "[Thomas] did not appeal that judgment. Instead, [he] told CBS News and others – but not Guardsmark – that Bart Kubera, the individual assigned to the position instead of him, had a criminal record." Resp. at 1. Guardsmark argues the details of the Title VII suit are relevant to show Thomas' state of mind: he retaliated against Guardsmark and is just a disgruntled employee who was unsuccessful in prior litigation against his employer. Resp. at 2.

Preliminarily, Guardsmark's implication that Thomas participated in the interview because he was upset about losing his lawsuit is misleading. The interview took place before resolution of the prior lawsuit. Further, Guardsmark's motive for suspending and firing Thomas, as opposed to Thomas' motive for participating in the interview, is the key issue in this retaliatory discharge case. However, it is not clear that evidence of the prior litigation is inadmissible for all purposes. The allegations regarding Kubera's promotion may become relevant for cross-examination purposes if Thomas testifies about his motive for participating in the interview. The admissibility of evidence about the prior litigation against Guardsmark must be considered in the context of trial. The motion *in limine* is therefore denied.

### C. Prior Lawsuits and Administrative Charges

Thomas seeks to exclude evidence regarding lawsuits or administrative charges he filed against other employers as irrelevant and prejudicial under Rules 401 and 403. Guardsmark contends Thomas' prior lawsuits and charges demonstrate his knowledge of statutory limitations periods and the accrual of causes of action. This argument is specious. The issue is whether and when Thomas knew or should have known his suspension had become a termination. His prior lawsuits and charges have no probative value on that issue. While the probative value of other employment litigation evidence is doubtful, it is not clearly inadmissible for all possible purposes. The evidence may become relevant on cross-examination. That determination must await the context of trial, and an *in limine* ruling is inappropriate.

### D. Amount of Unemployment Benefits

Thomas moves to exclude the amount of unemployment benefits he received after his suspension. He does not seek to exclude the fact that he received unemployment benefits. Guardsmark contends the amount of unemployment benefits is relevant to reduce backpay damages.

Guardsmark argues the decision whether to offset a backpay award by the amount awarded for unemployment compensation is within the court's discretion. The cases Guardsmark cites in support of this proposition pertain to offsets of backpay awards granted pursuant to federal statutes. Even then, courts have refused to permit offsets on the grounds that unemployment compensation is separate and collateral from the amount a wrongdoer-employer owes the employee. *See e.g., Perry v. Larson*, 794 F.2d 279, 285-86 (7th Cir. 1986) ("unemployment compensation is a source of funds independent of the transaction giving rise to the claim and thus is collateral . . . [defendant] cannot benefit simply because the state has provided a means of helping those who are out of work, justly

or unjustly"); *Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871, 874 (N.D. Ill. 2001) ("the windfall of unemployment benefits is best conferred upon the employee/claimant rather than the employer (as a damages offset)"); *Steck v. Bimba Manufacturing Co.*, No. 96 C 7442, 1997 U.S. Dist. LEXIS 17112, *5-6 (N.D. Ill. Oct. 29, 1997) (same). Illinois law requires that a backpay award for time during which the employee received unemployment benefits must be made jointly payable to the claimant and to the Director of the Department of Employment Security of the State of Illinois. *See* 820 ILCS 405/900(D). The statute essentially eliminates any concern that Thomas will receive a windfall.

The motion *in limine* is granted in part. The amount of Thomas' unemployment benefits is irrelevant to trial and shall not be mentioned before the jury. However, unemployment benefits are subject to consideration by the court in the event of a jury award.

## III. Guardsmark's Motions *In Limine*

### A. Evidence Regarding Emotional Distress

Guardsmark moves to exclude evidence regarding Thomas' alleged emotional distress. Guardsmark contends Thomas cannot meet the necessary evidentiary threshold to establish his claim. Guardsmark does not identify specific evidence to exclude, let alone argue the evidence is inadmissible. Rather, Guardsmark contends no evidence should be admitted because it may not ultimately establish emotional distress. As Thomas points out, Guardsmark objects in the pretrial order to testimony from his friends and relatives about emotional distress on the basis that it is cumulative. Guardsmark seeks to prevent Thomas' witnesses from testifying and then argues he has no evidence to support his claim and cannot possibly meet his evidentiary burden. Guardsmark has not established a basis for exclusion of emotional distress evidence before trial.

### B. Evidence Regarding Punitive Damages

Guardsmark moves to exclude evidence regarding its financial condition and any claim of punitive damages because Thomas cannot meet the necessary evidentiary threshold. Guardsmark contends a punitive damages award for a retaliatory discharge claim requires a showing of malice, and Thomas' evidence will not support a finding of malice. Again, Guardsmark does not identify the evidence it seeks to exclude, nor does it demonstrate punitive damages evidence is inadmissible. Rather, Guardsmark inappropriately attempts to relitigate its unsuccessful summary judgment motion on this issue.

### C. Unsworn Deposition Testimony

Guardsmark seeks to exclude telephonic depositions of witnesses Edward Healy and Ramona Martin. At the time of deposition, Healy was in England, Martin was in Tennessee, and the court reporter and Thomas' counsel were located in Chicago. Guardsmark contends the depositions may not be used because they were not taken before a person authorized to administer oaths in the place where the examinations were held, as required by Fed. R. Civ. P. 30(b)(4), 30(b)(7) and 28(a)-(b). Guardsmark contends Thomas' counsel "did not request that Guardsmark, LLC agree to plaintiff taking the depositions by any alternative means, and Guardsmark did not stipulate that the means by which plaintiff's counsel questioned the witness complied with the applicable rules." Mot. at 3, ¶ 7.

Guardsmark's implication that it was not asked to permit an alternative method of deposition is misleading. Thomas attaches correspondence between the parties' counsel reflecting that the depositions were taken telephonically *at Guardsmark's request*. Resp. at Exs. A-D. Further, Guardsmark does not contend it objected to the manner in which the depositions were taken or to

7

the validity of the oaths, nor do the deposition transcripts reflect any objections. Resp. at Exs. E-F. Rule 32(d)(3)(B) provides that errors in a deposition's oath or affirmation, or "errors of any kind which might be obviated, removed, or cured if promptly presented, are waived unless seasonable objection thereto is made at the taking of the deposition." Guardsmark has waived its objection to the depositions. It is worth noting that Guardsmark did not object when Thomas relied on the Healy and Martin depositions in responding to the summary judgment motion. Rather, Guardsmark relied on the depositions in its response to Thomas' statement of facts. *See e.g.*, Guardsmark Reply to Thomas Facts at ¶¶ 1, 4, 6-7, 10, 13-14. Nor did Guardsmark bring this issue before the court. Accordingly, the issue is waived.

### D.      Omnibus Motion

Guardsmark's final motion *in limine* consists of nine numbered paragraphs, each seeking exclusion of different categories of evidence. Guardsmark provides no authority for excluding any of the evidence. Nor does it provide arguments as to why generalized categories of evidence should be excluded, with the exception of broad generalizations that the evidence is irrelevant or its prejudicial effect outweighs any probative value. The motion is conclusory, unsupported and Guardsmark fails to meet its burden of establishing the evidence is inadmissible for any purpose. *See Hawthorne Partners*, 831 F. Supp. at 1400. The motion must therefore be denied.

## CONCLUSION

Thomas' motions *in limine* are granted in part. Evidence of his workplace conduct not considered in the decision to suspend or terminate and his 1981 arrest are excluded. The amount of his unemployment benefits is irrelevant at trial and shall not be mentioned in the jury's presence.

However, the amount of the benefits is subject to consideration by the court in the event of a jury award. Guardsmark's motions *in limine* are denied.

June 24, 2005

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge