IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CARL E. THOMAS,                          )
                                         )
                    Plaintiff,           )        No. 02 C 8848
                                         )
        v.                               )        Suzanne B. Conlon, Judge
                                         )
GUARDSMARK, INC.                         )
                                         )
                    Defendant.           )

## MEMORANDUM OPINION AND ORDER

Carl Thomas ("Thomas"), a security guard, claims Guardsmark, Inc. wrongfully terminated his employment in violation of public policy. Guardsmark's summary judgment motion and motions *in limine* were denied. *See* 06/24/05 Order, Dkt. Nos. 70-71;*Thomas v. Guardsmark*, No. 02 C 9948, 2005 U.S. Dist. LEXIS 7407 (N.D. Ill. Mar. 16, 2005). A mere two days before trial, Guardsmark files an emergency motion to dismiss based on judicial estoppel and lack of standing or, alternatively, dismissal as a discovery sanction. Guardsmark contends in December 2004, Thomas only disclosed two pages of documents related to bankruptcy proceedings in response to its request for all documents filed with any bankruptcy court. Guardsmark asserts it learned of the grounds for this motion on Saturday, July 2, 2005, when Guardsmark's counsel directed his firm's docket manager to search for copies of Thomas' bankruptcy filings. Given Guardsmark's knowledge of Thomas' bankruptcy proceedings in December 2004, the emergency motion on the eve of trial raises questions of Guardsmark's lack of due diligence or possible bad faith in disrupting Thomas' trial preparations. In any event, the purported emergency motion must be denied.

1

## BACKGROUND

Thomas filed this lawsuit in December 2002. According to the motion, on August 13, 2003, Thomas filed a petition for Chapter 13 bankruptcy. He did not disclose the pending lawsuit in his bankruptcy petition. *See* Mot. Ex. A. In November 2003, after a meeting of creditors, the bankruptcy court confirmed Thomas' Chapter 13 plan. Thomas voluntarily dismissed his Chapter 13 bankruptcy on May 19, 2004.

On September 13, 2004, Thomas filed a petition for Chapter 7 bankruptcy. Thomas was represented by counsel in his bankruptcy petition. The petition lists $4,950 in assets, including an automobile, household goods, clothing, and a "lawsuit for wrongful termination." *See* Mot. Ex. B. The petition states the current market value of the lawsuit is "unknown." *Id.* On October 22, 2004, the trustee conducted a meeting of creditors and entered a "Finding of No Assets." The bankruptcy court issued a discharge order on December 23, 2004. Thomas received a discharge of debt in excess of $26,000.

In November 2004, Guardsmark requested that Thomas produce "[a]ll documents . . . filed with any bankruptcy court on or after November 16, 2001." On December 7, 2004, Thomas responded, with no objections, that "[a]ll documents responsive to this request are produced herewith. The Plaintiff's investigation continues for other responsive documents." Thomas produced two pages related to bankruptcy proceedings.

## DISCUSSION

### I.    Judicial Estoppel

Guardsmark contends Thomas is judicially estopped from pursuing his lawsuit because he did not properly disclose the existence or value of this lawsuit in his bankruptcy filings. "The

doctrine of judicial estoppel precludes a plaintiff from pursuing claims about which [he] had knowledge, but did not disclose, during bankruptcy proceedings." *Tidemann v. Schiff, Hardin & Waite*, No. 03 C 998, 2005 U.S. Dist. LEXIS 5607, *20-21 (N.D. Ill. Feb. 14, 2005). When a debtor fails to disclose a cause of action, he is judicially estopped from pursuing that cause of action after emerging from bankruptcy. *Id.* at *21. Several courts have barred claims that debtors failed to schedule during bankruptcy proceedings. *See e.g., Barger v. City of Cartersville,* 348 F.3d 1289, 1296 (11th Cir. 2003); *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC,* 337 F.3d 314 (3d Cir. 2003); *Schaut & Sons, Inc. v. Mt. Log Homes, Inc.*, No. 01 C 801, 2004 U.S. Dist. LEXIS 12008 (E.D. Wis. May 12, 2004). "The rule is considered necessary to preserve the integrity of the bankruptcy system, which depends on full and honest disclosure by debtors." *Id.* "Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another case." *Cannon-Stokes v. Potter*, No. 03 C 1942, 2004 U.S. Dist. LEXIS 3272, *6-7 (N.D. Ill. Mar. 4, 2004). Judicial estoppel only applies where "intentional self-contradiction is being used as a means of obtaining unfair advantage . . ." *Id.* at *10. "Intentional wrongdoing is the focus of judicial estoppel." *Id.* at *15-16.

### A.    2003 Bankruptcy

While Guardsmark contends Thomas' motive to conceal is evidenced by his failure to schedule the pending lawsuit in his 2003 bankruptcy filing, it does not seriously pursue this claim. Indeed, it is difficult to see how Thomas gained an unfair advantage by not disclosing his pending lawsuit in the 2003 petition. *See id.* at *9. Although the bankruptcy court confirmed Thomas' Chapter 13 plan, Thomas voluntarily dismissed his bankruptcy on May 19, 2004 without obtaining

3

the discharge of any of his debts. Under a "no harm, no foul theory," no creditor was impacted by Thomas' 2003 bankruptcy filing.

## B. 2004 Bankruptcy

The real focus of Guardsmark's motion is Thomas' 2004 petition. It is clear that disclosure of pending lawsuits during bankruptcy is required. However, Guardsmark acknowledges Thomas did in fact list a "lawsuit for wrongful termination" in his 2004 bankruptcy filing. Guardsmark complains that Thomas failed to identify: (1) parties to the lawsuit; (2) when the claim was filed; (3) the court or tribunal where the claim was pending; (4) case number; and (5) cause of action asserted.[1] But Guardsmark provides no authority that suggests disclosure of these facts was required.

Guardsmark further asserts by merely listing the current market value of the suit as "unknown," Thomas effectively represented the suit had no value. Guardsmark contends any purported inability to estimate the value of his claim is belied by Thomas': (1) complaint, which seeks $250,000 in compensatory damages and more than $1 million in punitive damages (filed before the petition); (2) Rule 26 disclosures, which listed lost wages of $23,850 plus unspecified hardship, emotional distress and punitive damages (served before the petition); and (3) amended Rule 26 disclosures, which listed lost wages as $63,850 plus unspecified lost benefits, emotional distress and punitive damages (served four days after he attended the meeting of creditors). These arguments are rejected.

---

[1] Guardsmark contends the reference to "lawsuit for wrongful termination" is capable of applying to a second claim for wrongful termination that Thomas filed against a prior employer - Intertech. This argument is specious. Thomas' petition refers to a "lawsuit for wrongful termination." According to Guardsmark's motion, Thomas did not file a lawsuit against Intertech. Rather, he filed a charge with the Illinois Human Rights Commission after he was laid off.

Preliminarily, while a representation that the lawsuit has no value would be inappropriate, *see e.g.*, *Schaut & Sons, Inc. v. Mt. Log Homes, Inc.*, No. 01 C 801, 2004 U.S. Dist. LEXIS 12008, *13 (E.D. Wis. May 12, 2004) ("[r]epresenting that a claim has no monetary value is hardly different than denying the existence of the claim altogether"), Thomas stated the value was "unknown." There is a distinction between unknown, as opposed to no value. For that reason, Guardsmark's reliance on *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003), is misplaced. In *Barger*, the debtor informed the trustee of her pending discrimination suit during the creditors meeting. However, when asked the monetary value of the lawsuit, she represented she only sought reinstatement. In fact, she also sought backpay, liquidated damages, and compensatory and punitive damages. *Id.* at 1296. In light of her deception, the court determined the trustee could not be faulted for failing to conduct his responsibility of further investigating the lawsuit as property of the estate. *Id.* Clearly, the debtor in *Barger* made an affirmative misrepresentation that her claim had no monetary value. There is no evidence here that Thomas wilfully made any false or misleading statements.

Guardsmark cites some authority to support the proposition that a claim may be considered improperly scheduled and thus stricken when an unknown value is assigned to the claim. *See e.g.*, *Westland Oil Dev. Corp. v. Mcorp. Mgmt. Solutions, Inc.*, 157 B.R. 100, 103 (S.D. Tex. 1993); *Donaldson, Lufkin & Jenrette Securities Corp. v. Mathiansen*, 615 N.Y.S.2d 384 (N.Y. App. Div. 1994). However, there is also contrary authority. *See e.g.*, *In Re Adair*, 253 B.R. 85, 89 (9th Cir. 2000) ("[t]he mere fact that the Debtor indicated that the value of the Lawsuit was essentially unknown does not mean that she misled the Trustee or that he was deprived of sufficient information so as to preclude him from performing his duties").

5

Moreover, this circuit subscribes to the notion that "intentional wrongdoing is the focus of judicial estoppel." *Cannon-Stokes v. Potter*, No. 03 C 1942, 2004 U.S. Dist. LEXIS 3272, *15-17 (N.D. Ill. Mar. 4, 2004). In *Cannon-Stokes*, the debtor disclosed her lawsuit to her bankruptcy attorney, but the lawsuit was completely omitted from her scheduling petition. While explicitly refusing to condone the non-disclosure, the court determined: (1) the debtor's motive to conceal was not self-evident; (2) the debtor professed an innocent reason for the non-disclosure (that she was misinformed); and (3) the debtor credibly asserted she relied on her attorney's expertise in preparing her petition. *Id.* at *13-16. Further, the court noted that "the trustee is authorized under 11 U.S.C. § 350 and Federal Rule of Bankruptcy Procedure 5011 to reopen the bankruptcy case to administer assets in order to capture any monetary recovery she might obtain in her lawsuit." *Id.* at *14. While reopening the case may not cure a failure to disclose where there is sufficient evidence to infer intentional manipulation by the debtor, the court concluded "the circumstances here are quite different." *Id.* at n.3. Accordingly, the court was not persuaded that judicial estoppel served the interests of justice where there was little evidence of intentional wrongdoing and in light of the trustee's capacity to reopen the bankruptcy case if deemed prudent. *Id.* at *15-16.

The reasoning of *Cannon-Stokes* seems equally appropriate here. Indeed, unlike *Cannon-Stokes* where the claim itself was not disclosed, Thomas scheduled the pending lawsuit. There is no evidence of bad faith. Listing an unknown value of the claim does not reflect bad faith, particularly in light of *Cannon-Stokes* where bad faith was not found and *nothing* was disclosed. *See also In Re Adair*, 253 B.R. at 89. The damages Thomas sought in the complaint or detailed in his Rule 26 disclosures do not alter the analysis because damages sought do not necessarily reflect the value of the claim. This is not, for example, a breach of contract case where the amount at issue is defined.

6

Judicial estoppel does not serve the interests of justice here because there is no evidence of intentional wrongdoing. The motion to dismiss on judicial estoppel grounds is denied.

## II.     Standing

Guardsmark next contends Thomas is no longer the party in interest in this lawsuit because the claim against Guardsmark became part of the bankruptcy estate. Thus, Guardsmark contends Thomas lacks standing to pursue this claim and the lawsuit must be administered by the trustee.

Claims that exist prior to bankruptcy become property of the bankruptcy estate. *See e.g.*, *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472-73 (7th Cir. 1999); *Nationwide Acceptance Corp. v. Markhoff*, No. 99 C 5632, 2000 U.S. Dist. LEXIS 12496, *6-7 (N.D. Ill. Aug. 23, 2000). However, a debtor may regain standing to pursue his cause of action if it has been abandoned by the trustee. *See Nationwide Acceptance*, 2000 U.S. Dist. LEXIS 12496 at *7. Pursuant to 11 U.S.C. § 554, the trustee may abandon estate property affirmatively, if ordered to do so by the bankruptcy court, or if the scheduled property is not administered at the time of the estate. *See* 11 U.S.C. § 554(a)-(c); *see also Williams v. United Techs. Carrier Corp.*, 310 F. Supp. 2d 1002, 1010 (S.D. Ind. 2004). Unscheduled property may not be abandoned to the debtor. *Id.*

Preliminarily, the trustee is not arguing that he inadvertently abandoned the claim. Instead, Guardsmark argues that the trustee was provided insufficient information to decide whether to pursue the claim and he may therefore reopen the bankruptcy to administer the lawsuit. The court is not convinced that the trustee had insufficient information to decide whether to pursue Thomas' claim. Thomas scheduled the lawsuit as an asset and the trustee had an obligation to investigate the lawsuit's value for the benefit of the estate. The fact that Thomas listed the value of the asset as unknown does not necessarily mean the trustee was deprived of sufficient information to perform

7

his duties. *See e.g., In Re Adair*, 253 B.R. 85, 89 (9th Cir. 2000). Indeed, according to Thomas, the trustee performed his duties by asking questions about the lawsuit at the October 2004 creditors meeting, including the identity of the defendant and the status of the case. *See* Resp. to Mot. at 6. The trustee was aware of Thomas' contingent claim, had an opportunity to investigate the claim, and subsequently issued a finding of no assets. Accordingly, it is reasonable to conclude the trustee abandoned the claim. *See e.g., Helms v. Arboleda*, 224 B.R. 640, 645 (Bankr. N.D. Ill. 1998) (upon entry of the no asset report a trustee effectively abandons any interest the estate had in property); *Wallace v. Enriquez*, 22 B.R. 934, 936 (D. Neb. 1982) (abandonment was done knowingly when claim was listed as contingent and unliquidated, was not hidden from trustee or creditor, and estate was on notice of its existence); *In Re Atkinson*, 62 B.R. 678, 680 (Bankr. D. Nev. 1986) ("[w]here the trustee has knowledge that is sufficient to put him upon diligent inquiry as to the subject asset, the abandonment is held to have been knowingly made and hence is irrevocable"); *In Re Adair*, 253 B.R. at 89 ("[t]he Trustee bore the burden of acting if he wanted further updated information about the Lawsuit"). Because the trustee abandoned the claim, Thomas possesses standing to pursue his cause of action against Guardsmark. *See Nationwide Acceptance*, 2000 U.S. Dist. LEXIS 12496 at *7. Guardsmark's tardy motion to dismiss for lack of standing must be denied.

## III.    Discovery Sanctions

Guardsmark seeks sanctions against Thomas for failure to produce bankruptcy filings during discovery. Specifically, Guardsmark requests: (1) dismissal of Thomas' claims, or (2) permission to introduce evidence regarding the bankruptcies and an instruction that the jury may draw an adverse inference from Thomas' discovery abuses.

8

Guardsmark provides no evidence that Thomas committed discovery abuses. Guardsmark complains that Thomas only produced two pages of documents in response to its specific discovery request for all documents filed with any bankruptcy court on or after November 16, 2001. First, Thomas asserts he disclosed all documents that were in his possession, and that his bankruptcy attorney did not give him copies of any additional documents. Second, if Guardsmark was dissatisfied with Thomas' response, it had multiple avenues at its disposal for pursuing more adequate disclosure months ago. For example, Guardsmark could have pursued the matter further with Thomas and his counsel, as required by Local Rule 37.2, and, if unsuccessful, filed a motion to compel. Thomas indicates the two pages produced identified the bankruptcy case captions. Given Guardsmark's request for documents related to bankruptcy proceedings, which implies a suspected link between bankruptcy proceedings and this lawsuit, it is curious that Guardsmark's suspicions of incomplete disclosure were not raised long ago. Having notice of Thomas' bankruptcy, including case captions, in December 2004, Guardsmark certainly could have obtained the public records before now. Its failure to do so resulted in an unnecessary "emergency" motion. The motion for discovery sanctions is denied.

## CONCLUSION

For the foregoing reasons, Guardsmark's emergency motion to dismiss is denied.

July 7, 2005                                        ENTER:

Suzanne B. Conlon
United States District Judge

9