

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 8848 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| GUARDSMARK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Carl Thomas ("Thomas"), a security guard, sued Guardsmark, Inc. ("Guardsmark") for wrongful termination in violation of public policy. A jury returned a $78,001 verdict in Thomas' favor. He moves to recover $1,741.30 in costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. §§ 1920, 1924.

## DISCUSSION

"[C]osts . . . shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" Fed. R. Civ. P. 54(d). However, Rule 54(d) does not give a court "unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur. . . [I]tems proposed by winning parties as costs should always be given careful scrutiny." *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 235 (1964). Recoverable costs are specified in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Recoverable costs include: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) fees for printing and witnesses; (4) fees for copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

1

Although a prevailing party need not engage in a massive audit to collect costs, it must provide enough information so that its bill of costs can be meaningfully reviewed for reasonableness and necessity. *Ulatowski v. John Sterling Corp.*, No. 03 C 8847, 2005 WL 643349, at *1 (N.D. Ill. March 16, 2005). Guardsmark contends several items included in Thomas' $1,741.30 bill of costs are inappropriate or excessive. Guardsmark also argues that Thomas is not the real party in interest and has no right to recover costs.

### A.  Fees of the Clerk

Thomas seeks $36.00 for fees for certification of Bart Kubera's records. He attaches a receipt from the clerk of the Circuit Court of Cook County, Illinois evidencing his payment. Guardsmark argues that Thomas provides no justification for the need to obtain these certified records. Kubera's criminal record was a central issue in Thomas' case. *See Thomas v. Guardsmark Inc.*, No. 02 C 8848, 2005 WL 936775, at *2-3 (N.D. Ill. April 16, 2005). Thus, obtaining a certified copy of his records was a reasonable and necessary expense. *See Kingsdown Medical Consultants, Ltd. v. Hollister Inc.*, No. 84 C 6113, 1988 WL 119098, at *3 (N.D. Ill. Nov. 1, 1988) (awarding costs for certified records in patent case); *McConnell v. Iovino Boersma Enterprises, Inc.*, No. 04 C 4628, 2005 WL 1520806, at *3 (N.D. Ill. June 23, 2005) (allowing fees to the clerk's office in both federal and state court). Thomas is awarded $36.00 for certification fees.

### B.  Fees of the Court Reporter

Thomas seeks $1,205.50 in costs for court reporter fees. Section 1920(2) authorizes the taxing of costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). To be recoverable, the deposition must be reasonably necessary to the case at the time it was taken. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 455 (7th Cir. 1998). Further, "...

2

[t]he cost of the transcript or deposition shall not exceed the regular copy rate as established by [the Judicial Conference] and in effect at the time the transcript or deposition was filed..." L.R. 54.1(b). The current Judicial Conference rate, in effect when the depositions were taken, is $3.30 per page for original transcripts and $0.83 per page for transcript copies.

### 1. Deposition Transcripts

Guardsmark objects to Thomas' request for costs incurred in obtaining deposition transcripts. Thomas submits invoices for four depositions, (1) James Jackson, (2) Edward Healy, (3) Ramona Martin and (4) himself. Guardsmark contends that because it ordered and paid for the original deposition transcripts for the four depositions, Thomas is only entitled to the Judicial Conference copy rate of $0.83 per page. Guardsmark submits invoices showing that it paid for the original transcripts for the Jackson and Thomas depositions, whereas Thomas' submitted invoices for the same depositions state they are for transcript copies. In addition, Guardsmark's invoices for the Healy, Martin and Thomas depositions predate Thomas' invoices. *Baxter Int'l, Inc. v. McGaw, Inc.*, No. 95 C 2723, 1998 WL 102668, at *6 (N.D. Ill. March 3, 1998) (party who makes first request for transcript obtains the Judicial Conference original transcript rate; party who orders subsequently obtains the copy rate). The Judicial Conference rate for transcript copies is the appropriate rate for the four depositions. Rates exceeding this rate will be reduced.

Thomas' request for deposition costs must be reduced as follows:

| Deponent | Transcript | Amount Requested | Pages | Cost Per Page | Total Amount Awarded |
|---|---|---|---|---|---|
| Carl Thomas | Copy | $319.60 | 136 | $0.83 | $112.88 |
| James Jackson | Copy | $189.90 | 52 | $0.83 | $43.16 |
| Edward Healy | Copy | $216.55 | 61 | $0.83 | $50.63 |
| Ramona Martin[1] | Copy | $195.65 | 67 | $0.83 | $55.61 |
| **Total** | | $921.60 | | | **$262.28** |

2.  **Delivery Fees**

Guardsmark objects to Thomas' request for delivery fees for transcripts in the amount of $19.40. Under the Judicial Conference guidelines, delivery costs are considered ordinary business expenses and are not taxable in relation to obtaining transcripts. *Surratt v. Chicago Transit Authority*, No. 03 C 2228, 2005 WL 946873, at *2 (N.D. Ill. April 18, 2005). Therefore, Thomas' request for delivery costs in the amount of $19.40 is denied.

3.  **Court Reporter Fees**

Thomas seeks recovery for court reporter attendance fees. Court reporter attendance fees may be recovered under Section 1920(2) as part of the reasonable and necessary costs in obtaining a deposition transcript. *See Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995) (court may award court reporter attendance fees as taxable costs). The hourly fees for the Martin and Healy depositions, ranging from $34.00-$45.00 per hour, are reasonable. *See Riley v. UOP LLC*, 258 F.

---

[1] Due to a mathematical error, the invoice for the Ramon Martin deposition reflects an incorrect total of $282.65 for transcript copies and court reporter fees. The correct total is $280.65.

Supp. 2d 841, 844 (N.D. Ill. 2003) (hourly rate of $33.00 reasonable); *McCollough v. O'Neill*, No. 01 C 6510, 2003 U.S. Dist. LEXIS 2973, at *6 (N.D. Ill. Feb. 28, 2003) (court reporter hourly rates of $30.00 and $60.00 reasonable). For the Jackson deposition, Thomas seeks $87.50 for one hour. $87.50 per hour exceeds the range of reasonable fees and shall be reduced to $60.00.

In sum, Thomas is awarded $262.28 for deposition transcripts and $235.00 for court reporter attendance fees, resulting in a total award of $497.28 in court reporter fees pursuant to § 1920(2).

### C. Copying Fees

Thomas seeks $449.80 in costs for copying. Section 1920(4) authorizes the taxing of costs for copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). "Included in the category of costs 'reasonably necessary for use in the case' are copies attributable to discovery and the court's copies of pleadings, motions and memoranda; however, extra copies for the convenience of the attorneys are not necessary and are not taxed as costs." *Baxter Int'l, Inc. v. McGaw, Inc.*, No. 95 C 2723, 1998 WL 102668, at *1 (N.D. Ill. Mar. 3, 1998). Thomas is "not required to submit a bill of costs containing a description so detailed as to make it impossible economically to recover photocopying costs," rather he is "required to provide the best breakdown obtainable from retained records." *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991); *In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1999 U.S. Dist. LEXIS 14705, at *6 (chart identifying the nature of document copied, number of service copies prepared, number of pages, copying cost per page, and total copying charge held sufficient to satisfy Seventh Circuit's requirements for reimbursement of photocopying costs).

Thomas provides sufficient detail to support his copying costs. He provides an itemization of the charges, including a description of the document copied, the number of pages in the document,

5

the number of copies made, the price per page and total amount requested. Further, Thomas' copying rate at $.15 per page is reasonable. *See Menasha Corp. v. News America Marketing In-Store, Inc.*, No. 00 C 1895, 2003 U.S. Dist. LEXIS 13405, at *11 (N.D. Ill. July 31, 2003) ($0.15 per page reasonable); *Rodriguez v. City of Aurora*, No. 02 C 7588, 2003 U.S. Dist LEXIS 17509, at *9 (N.D. Ill. Oct. 2, 2003) (copy rates between $0.10 and $0.20 reasonable). Courts typically limit recovery to three sets of copies – one for the clerk and one for each side – unless extra sets are necessary to the case. *See Menasha Corp.*, 2003 U.S. Dist. LEXIS 13405, at *10-11; *Williams v. The Thresholds, Inc.*, No. 02 C 9101, 2003 WL 22478784, at *4 (Local Rule 54.1(b) permits three copies of documents); *Alsaras v. Dominick's Finer Foods, Inc.* 99 C 4226, 2001 WL 1117275, at *2 (N.D. Ill. Sept. 19, 2001) (recovery permitted for copies submitted to the court and opposing counsel). Thomas requests costs attributable to four copies of certain documents; he provided an additional courtesy copy to the court in accordance with its standing order. Therefore, the extra court-requested copy was necessary to the case.

Finally, Guardsmark objects to the additional two copies of the Healy, Martin, Jackson and Thomas depositions because they were not required to be filed with the court and therefore are not subject to being taxed as costs. Thomas is entitled to reimbursement for costs attributable to the court's copies of motions and memoranda. *Baxter Int'l, Inc.*, 1998 WL 102668, at *1. He relied on these depositions in responding to Guardsmark's summary judgment motion and submitted them to the court as exhibits. *See* Thomas Statement of Add'l Facts, No. 02 C 8848, Dkt. No. 44 (April 11, 2005); App. of Materials, No. 02 C 8848, Dkt. No. 43 (April 11, 2005). The request for copying costs is reasonable. Accordingly, $499.80 is awarded in copying costs.

### D. Bankruptcy Proceedings

Guardsmark argues that Thomas is no longer the real party in interest because an evidentiary hearing is scheduled on September 30, 2005 to determine whether Thomas' bankruptcy proceedings should be re-opened. Guardsmark argues that if the bankruptcy case is re-opened, any recovery should become property of the bankruptcy estate. Guardsmark made this argument before, and the court rejected it. *See* 7/7/2005 Order, Dkt. No. 82 ("the [bankruptcy proceedings] transcript lends support to the court's conclusion that the trustee abandoned the claim"); *Thomas v. Guardsmark*, No. 02 C 8848, 2005 WL 1629770, at *4 (N.D. Ill. July 7, 2005).

Claims that exist prior to bankruptcy become property of the bankruptcy estate. *Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 472-73 (7th Cir. 1999). However, a debtor may regain standing to pursue his cause of action if it has been abandoned by the trustee. *Nationwide Acceptance Corp. v. Markhoff*, No. 99 C 5632, 2000 U.S. Dist. LEXIS 12496, at *7 (N.D. Ill. Aug. 23, 2000). Pursuant to 11 U.S.C. § 554, the trustee may abandon estate property affirmatively, if ordered to do so by the bankruptcy court, or if the scheduled property is not administered at the time of the estate. *See* 11 U.S.C. § 554(a)-(c). Guardsmark cites *Nationwide Acceptance Corp.* in support of its contention that Thomas' claim was not abandoned by the bankruptcy trustee. 2000 WL 1230434, at *4. In *Nationwide*, the party did not disclose her claim in the original Chapter 7 filings. *Id.* at *3. Although she eventually filed amended schedules disclosing the claim, the schedules were not sent to creditors and a trustee never had an opportunity to investigate the possible claim. *Id.* The court found that because the creditors were never notified of the claim, it could not have been abandoned properly. *Id.* at *4.

As this court has ruled previously, it is not convinced that the trustee had insufficient information to decide whether to pursue Thomas' claim in this lawsuit. 7/7/2005 Order, Dkt. No. 79; *Thomas v. Guardsmark*, 2005 WL 1629770, at *4. In his Chapter 7 filings, Thomas listed the lawsuit as an asset with the value indicated as unknown. *See Thomas*, 2005 WL 1629770 at *1. The trustee performed his duties by questioning Thomas about the lawsuit at an October 2004 creditors meeting. *Id.* at *3; Pl. Resp. To D. Emergency Mot., No. 02 C 8848, Dkt. No. 76, (July 6, 2005). The trustee was aware of the claim, had an opportunity to investigate and issued a finding of no assets. *Id.* at *4. Therefore, it is reasonable to conclude the trustee abandoned the claim. *Helms v. Arboleda*, 224 B.R. 640, 645 (Bankr. N.D. Ill. 1998) (upon entry of no assets, trustee effectively abandons any interest the estate had in property). Guardsmark's argument that Thomas is not the real party in interest lacks merit.

## CONCLUSION

Thomas is awarded the following costs: (1) $36.00 in fees of the clerk; (2) $497.28 in court reporter fees; and (2) $499.80 for copying.

September 27, 2005                               ENTER:

                                                 *Suzanne B. Conlon*
                                                 Suzanne B. Conlon
                                                 United States District Judge

8