IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARL THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 02 C 8848 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| GUARDSMARK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION & ORDER

Carl Thomas ("Thomas"), a security guard, sued Guardsmark, Inc. ("Guardsmark") for wrongful termination in violation of public policy. A jury returned a $78,001 verdict in Thomas' favor. Pursuant to 28 U.S.C. § 636 and Fed. R. Civ. P. 72, the case was referred to a magistrate judge for a report and recommendation on Thomas' motion for sanctions under 28 U.S.C. § 1927. The magistrate judge recommended the motion be denied. Thomas objects to the magistrate judge's recommendation.

## BACKGROUND

Thomas sued Guardsmark for wrongful termination in violation of public policy because of statements he made during a November 2001 television interview. Guardsmark moved for summary judgment on two grounds: (1) Thomas' claim was time barred, and (2) Guardsmark terminated Thomas for violating company rules. No. 02 C 8848, Dkt. No. 39 (Feb. 12, 2005). The court found that a genuine issue of material fact existed regarding whether Thomas was aware of his termination and whether Guardsmark terminated Thomas in retaliation for protected conduct. Accordingly, the court denied Guardsmark's motion for summary judgment. Dkt. No. 49 (April 13, 2005).

1

On July 5, 2005, two days before trial, Guardsmark filed an emergency motion to dismiss the case on the bases of judicial estoppel, standing, and as a discovery sanction. Dkt. No. 75. Specifically, Guardsmark contended Thomas: (1) failed to adequately schedule the pending lawsuit in his 2003 and 2004 bankruptcy petitions; (2) lacked standing because the lawsuit became the property of the bankruptcy estates; and (3) engaged in discovery abuses by inadequately disclosing documents pertaining to bankruptcy. The court denied Guardsmark's motion in its entirety because Thomas had properly disclosed his lawsuit to the bankruptcy trustee and the trustee had abandoned the claim. Dkt. No. 78 (July 7, 2005). The court further determined that Guardsmark could have pursued additional bankruptcy documents months prior to the start of trial, making the emergency motion unnecessary. Before receiving the court's ruling, Guardsmark filed a motion to reconsider based on an audiotape of the creditors meeting in Thomas' Chapter 7 bankruptcy. Dkt. No. 81 (July 7, 2005). Although Guardsmark argued that the transcript reflected Thomas misrepresented the status of his lawsuit, the court found Thomas' representation of the status of the lawsuit was accurate. Moreover, the trustee had sufficient notice of this lawsuit. Thus, the court found the record did not support a conclusion that Thomas had affirmatively misrepresented the status of his lawsuit and denied Guardsmark's motion to reconsider. Dkt. No. 82 (July 7, 2005).

Jury trial commenced on July 7, 2005. On July 13, 2005, the jury returned a $78,001 verdict in Thomas' favor. Guardsmark's oral motion for judgment as a matter of law, made at the close of Thomas' case, was denied. Guardsmark then filed a renewed motion for judgment as a matter of law, without leave of court. The motion was stricken. On July 27, 2005, Guardsmark filed a renewed motion for judgment as a matter of law, a motion for a new trial and a motion to alter or amend the judgment. Dkt. Nos. 93, 95, 97 (July 27, 2005). In its motion for judgment as a matter of law,

Guardsmark again raised the argument that Thomas did not properly schedule his federal lawsuit against Guardsmark in his 2003 and 2004 bankruptcy filings and that judicial estoppel barred his claims. The court rejected this argument for a third time. The court found the only changed circumstance since Guardsmark's prior motions on the issue, the United States Bankruptcy Court's reopening of Thomas' 2004 bankruptcy case, did not change the court's decisions. The three motions were denied. Dkt. No. 110 (Aug. 30, 2005).

Thomas moves for sanctions against Guardsmark. He argues Guardsmark's emergency motion was filed on the eve of trial to disrupt his trial preparation. He contends Guardsmark filed numerous motions that were factually and legally baseless including the motion for summary judgment, the emergency motion to dismiss, motions *in limine*, and the post-trial motions. Thomas also argues that defense counsel colluded with the bankruptcy trustee to reopen his bankruptcy case and failed to notify Thomas of the motion to reopen. He supports his claim of collusion by stating the trustee and defense counsel were in close contact at the time the bankruptcy case was reopened and defense counsel provided the trustee with copies of Guardsmark's emergency motion to dismiss and its motion to reconsider. Further, Thomas contends that defense counsel knew of the trustee's motion to reopen and failed to notify Thomas.

## DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 72(b) requires a party who disagrees with a magistrate judge's report and recommendation to file "written, specific objections" to the report. Under Rule 72(b), the district court judge must conduct a *de novo* review of any portion of the record to which a specific written objection is directed. Fed. R. Civ. P. 72(b); *Johnson v. Zema Systems Corp.*, 170 F.3d 734,

3

739 (7th Cir. 1999); *Retired Chicago Police Assn. et al. v City of Chicago et al.*, 76 F.3d 856, 869 (7th Cir. 1996) (magistrate judge's decision on a sanctions motion must be reviewed *de novo*); *Lowe v. SRA/IBM MacMillian Pension Plan*, No. 02 C 58, 2003 WL 1565841, at *2 (N.D. Ill. March 25, 2003). However, the district court is not required to conduct a hearing to review the magistrate's findings and credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995). Rather, the district court may accept, reject, or modify the recommended decision. *Id.*

## B. Magistrate Judge's Recommendation

The magistrate judge recommended that Thomas' motion for sanctions pursuant to 28 U.S.C. § 1927 be denied. The magistrate judge noted that defense counsel acted unreasonably, particularly with regard to the emergency motion to dismiss. He recognized that Guardsmark had access to the bankruptcy filings and notice of the filing for months prior to the trial date, rendering the emergency motion unnecessary. The magistrate judge, however, was unable to determine that defense counsel acted in bad faith. He noted that counsel attached a declaration to its emergency motion stating it was filed in good faith and not for any improper purpose. The magistrate judge concluded that while Guardsmark's arguments in its emergency motion were ultimately unconvincing, they were at least plausible. In considering the motion to reconsider, the magistrate judge concluded that the creditors meeting audiotape constituted newly discovered evidence. Thus, the magistrate judge concluded defense counsel's actions did not constitute bad faith.

The magistrate judge addressed Thomas' arguments that the motion for summary judgment, motions *in limine*, and post-trial motions were legally and factually baseless. He determined although Guardsmark's arguments regarding the summary judgment motion were unpersuasive, they were not legally or factually baseless. He found that while the omnibus motion *in limine* may have contained

4

conclusory arguments, it did not constitute "a serious and studied disregard for the orderly processes of justice." *Burda v. M. Ecker Co.*, 2 F.3d 769, 777 (7th Cir. 1993). The magistrate judge noted that the post-trial motions may have been filed to preserve issues for appeal. He declined to address Thomas' argument that defense counsel acted in bad faith by inducing the bankruptcy trustee to reopen his bankruptcy case, holding that the bankruptcy matter is not before the court. The magistrate judge concluded that defense counsel did not engage in unreasonable and vexatious conduct. Thus, he recommended that Thomas' § 1927 motion for sanctions be denied.

### C. Thomas' Objections

Thomas argues that the magistrate judge overlooked key facts in assessing Guardsmark's motives, including timing of the motions. He contends the magistrate judge's finding that Guardsmark's motion to reconsider was based on newly discovered evidence that "arguably supported" its claim is refuted by the evidence. Further, Thomas argues the magistrate judge failed to consider relevant evidence of Guardsmark's bad faith. Specifically, Thomas asserts the magistrate judge should have considered Guardsmark's actions before the bankruptcy court. Thomas also argues that Guardsmark filed a baseless summary judgment motion, unsupported motions *in limine* and frivolous post-trial motions.

### D. Motion for Sanctions

The decision to award sanctions is solely within the discretion of the district court. *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1183 (7th Cir. 1992). Thomas seeks sanction under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiples the proceedings in any case unreasonably and vexatiously may be required

by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 requires that counsel act unreasonably and vexatiously before sanctions may be awarded. *Claiborne v. Wisdom*, 414 F.3d 715, 721 (7th Cir. 2005). Unreasonable conduct and ordinary negligence do not meet § 1927's standard. *Kotsileris*, 966 F.2d at 1184; *TUF-Flex Glass v. National Labor Relations Board*, 715 F.2d 291, 298 (7th Cir. 1983) (Section 1927 award is an extraordinary remedy not warranted on the basis of negligence). Instead, a sanctioned party must have acted in bad faith, demonstrated by subjective evidence of malice, objective evidence of reckless conduct or indifference to the law. *Kotsileris*, 966 F.2d at 1184; *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985); *Burda v. M. Ecker Co.*, 2 F.3d 769 (7th Cir. 1993) (court may award sanctions where attorney acted in objectively unreasonable manner by engaging in a "serious and studied disregard for the orderly process of justice") (citations omitted). The objective component of bad faith conduct can be satisfied by extremely negligent or reckless conduct. *Claiborne*, 414 F.3d at 721 (attorney's failure to answer discovery and production requests, disclose witnesses, and investigate claims met bad faith standard).

The magistrate judge could not determine that Guardsmark acted in bad faith. This court agrees. Although Guardsmark acted unreasonably and negligently in filing its emergency motion two days prior to trial, § 1927 requires more than a showing of negligence or unreasonableness. *Kotsilieris*, 966 F.2d at 1184. The record does not establish that Guardsmark acted with malice in filing the motion nor does it establish extreme negligence. In its motion to reconsider, Guardsmark put forth additional evidence that was not available when it filed its original motion. *Publishers Res. Inc. v. Walker-Davis Pub., Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (motion to reconsider appropriate

for presenting new evidence). The court found Guardsmark's characterization that Thomas intended to misrepresent the status of his lawsuit inaccurate. The court did not, however, find that Guardsmark made its argument in bad faith. *TUF-Flex Glass*, 715 F.2d at 298 (factual misrepresentations not sufficient for § 1927 award).

Guardsmark's motion for summary judgment did not constitute unreasonable or vexatious conduct. In fact, the Seventh Circuit stated "this case may ultimately prove appropriate for summary judgment." *Thomas v. Guardsmark*, 381 F.3d 701, 708 (7th Cir. 2004). Its motions *in limine* and post-trial motions contained arguments that were not ultimately convincing but were at least plausible. *TUF-Flex Glass*, 715 F.2d at 298. Finally, the record does not establish that Guardsmark persuaded the bankruptcy trustee to reopen the bankruptcy proceedings. Providing the bankruptcy trustee with copies of publicly available pleadings is not sufficient to establish collusion. Based on the record, Guardsmark and its defense counsel acted unreasonably and in some instances negligently. However, their conduct does not meet the high standard necessary to warrant § 1927 sanctions.

## CONCLUSION

Thomas' objections to the magistrate judge's report and recommendation are overruled. The court adopts the report and recommendation in full. Thomas' motion for sanctions is denied.

January 4, 2006

ENTER:

Suzanne B. Conlon
United States District Judge